# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL WAYNE ZAWHORODNY,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **JEFF KISER, WARDEN,** ) <br> ) <br> Respondent. ) <br> ) | Case No. 7:17CV00506 <br><br> **OPINION** <br><br> By: James P. Jones <br> United States District Judge |

*Daniel Wayne Zawhorodny, Pro Se Petitioner.*

Daniel Wayne Zawhorodny, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the validity of his confinement under a judgment from state court. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice because the petitioner has not exhausted available state court remedies.

A jury in the Augusta County Circuit Court found the petitioner guilty of entering a bank with intent to commit larceny and armed robbery by use of a firearm. The court sentenced him to 25 years in prison and entered its judgment on February 27, 2015. The petitioner pursued a direct appeal in the Court of Appeals of Virginia, where his appeal was refused on December 14, 2015. His subsequent appeal to the Supreme Court of Virginia was refused on December 6, 2016. The

petitioner states that he did not pursue a state habeas corpus petition, and state court records are consistent with this statement.

In his § 2254 petition, the petitioner alleges claims that the public defender who represented him had an actual conflict of interest and provided ineffective assistance of counsel during suppression proceedings. He indicates that he has not raised these claims on direct appeal or in any state court habeas corpus proceeding.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

As stated, the petitioner indicates on the face of his petition that he has not filed a petition for a writ of habeas corpus in any state court, raising his current claims. As such, he has not yet exhausted available state court remedies as required under § 2254(b). He may file a habeas petition in the Supreme Court of Virginia, or in the circuit court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-

406(B).[1] Therefore, I must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies.

A separate Final Order will be entered herewith.

DATED: November 13, 2017

/s/ James P. Jones
United States District Judge

---

[1] The petitioner is advised, however, that he has only a limited time to pursue these state court remedies. *See* Va. Code Ann. § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.")